FILED
US DISTRICT COURT CLERK
WESTERN DISTRICT OF KY

05 JUN 15 PM 1:49

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY
### AT LOUISVILLE

| | |
|---|---|
| JONAS SOSA SR.<br>PLAINTIFF | ) No. 3:05-CV-352-S<br>)<br>)<br>) COMPLAINT FOR<br>) PERSONAL INJURY, BAD FAITH,<br>) STATUTORY VIOLATIONS,<br>) DISCRIMINATION,<br>) HARASSMENT And ABUSE OF<br>) PROCESS<br>)<br>) |
| STATE FARM INSURANCE<br>COMPANIES, a corporation<br>DEFENDANTS | )<br>)<br>) JURY TRIAL DEMANDED |

Plaintiff alleges against the defendants:

### FIRST CAUSE OF ACTION
*(PERSONAL INJURY)*

#### JURISDICTION

1. Plaintiff is, and at all times herein mentioned, domiciled in and a citizen of the Commonwealth of Kentucky. Defendant, State Farm Insurance Companies was and is now a corporation duly organized and existing under the laws of the state of Tennessee, with its offices and principal place of business in the state of Tennessee. This is a civil action involving, exclusive of interest and costs, a sum in excess of $75,000. Every issue of law and fact in this action is wholly between citizens of different states.

2. Plaintiff is informed and believes and thereupon alleges that Defendant, State Farm Insurance Companies is a corporation duly organized and existing under the laws of the State of Tennessee.

3. Plaintiff is a 100% disabled veteran with a combat related permanent spinal cord injury, medically referred to SYRINGOMYELIA and suffered in 1990, while serving overseas in the United States ARMY, is now and at all times mentioned in this complaint, has been a resident of Louisville, Kentucky.

4. On or about June 21, 2003, Plaintiff, who at the time was visiting in Chicago, Illinois, was the operator of a rented motor vehicle, and was facing southbound and stopped at a traffic signal on Pulaski Road, just south of Fullerton Avenue, in Chicago, Illinois, when the motor vehicle he was operating was suddenly struck from behind, by one Melody R. West, who was operating a 2001 Nissan Altima, and who was attempting to position her vehicle into the left turn lane; while exchanging insurance information, Plaintiff learned that Ms. West (*hereafter referred to as insured*) was insured by Defendants (*State Farm Insurance Companies*).

5. That as a direct result of the motor vehicle accident described in paragraph number four (4) above, Plaintiff's permanent spinal cord injury was aggravated and he was unable to enjoy his visit as planned; Plaintiff experienced increased levels of pain and as per his physician's instructions, Plaintiff increased his medication dosages to help tolerate the pain levels he was experiencing.

## SECOND CAUSE OF ACTION
### (*BAD FAITH*)

6. Plaintiff realleges and incorporates by reference the allegations of paragraphs one (1) through five (5) above in their entirety.

7. That the facts of said motor vehicle accident provide a prima facie case to the effect that Defendants' insured is solely responsible for causing said motor vehicle accident, and thus liability is clear.

8. That despite knowing that liability is clear, Defendants have intentionally refused to settle this matter in a fair and just manner, and that their efforts to settle demonstrates a lack of interest to settle and as such, their conduct reflects Bad Faith.

## THIRD CAUSE OF ACTION
### (*STATUTORY VIOLATIONS*)

9. Plaintiff realleges and incorporates by reference the allegations of paragraphs one (1) through nine (9) above in their entirety.

10. That the Defendants failure to settle this matter, in which liability is clear, is a knowing and intentional violation of Kentucky's Motor Vehicle Reparations Act and the Insurance Code, and that such conduct is prohibited, as it is the purpose of said state statutes to promote out of court settlements.

## FOURTH CAUSE OF ACTION
### (*DISCRIMINATION*)

11. Plaintiff realleges and incorporates by reference the allegations of paragraphs one (1) through ten (10) above in their entirety.

12. That the Defendants' refusal to settle this matter suggests the Defendants are knowingly and intentionally discriminating against this Plaintiff, as he has attempted to settle this matter without the assistance of an attorney; and Plaintiff also believes that the Defendants want the statute of limitations to file an action to pass, thereby allowing Defendants the opportunity to escape their liability and statutory responsibilities.

13. This stalling tactic is known to be used by insurers who attempt to settle a claim directly with a claimant, for far less than what is a just and fair settlement; once the statute of limitations has passed, the insurer may then refuse any settlement at all.

## FIFTH CAUSE OF ACTION
### (*HARASSMENT*)

14. Plaintiff realleges and incorporates by reference the allegations of paragraphs one (1) through thirteen (13) above in their entirety.

15. That as a result of the conduct of the Defendants, the Plaintiff has been subjected to a knowing, intentional, and subtle, yet clear form of harassment, as Plaintiff has been forced into filing this civil action, which is not only harassment, it is also a violation of Kentucky's Motor Vehicle Reparations Act and the Insurance Code.

## SIXTH CAUSE OF ACTION
### (*ABUSE OF PROCESS*)

16. Plaintiff realleges and incorporates by reference the allegations of paragraphs one (1) through fifteen (15) above in their entirety.

17. That Plaintiff's being forced into filing this civil action constitutes an abuse of process, and in the anticipated event that the Defendants, directly or through their attorneys/agents, intentionally deny any or all of this complaint, such denial will constitute an abuse of process, and this Plaintiff reserves his right to amend this complaint to include the conduct of any such attorney/agent.

**WHEREFORE,** Plaintiff respectfully demands a jury trial, and prays for judgment against the Defendants as follows:

On the first cause of action:
For Judgment in the sum of one hundred thousand dollars ($100,000.00).
For costs of suit.
For such other relief as the court deems just.

On the second cause of action:
For Judgment in the sum of one hundred thousand dollars ($100,000.00).
For punitive damages in the sum of ten million dollars ($10,000,000.00).
For costs of suit.
For such other relief as the court deems just.

On the third cause of action:
For Judgment in the sum of one hundred thousand dollars ($100,000.00).
For punitive damages in the sum of ten million dollars ($10,000,000.00).
For costs of suit.
For such other relief as the court deems just.

On the fourth cause of action:
For Judgment in the sum of one hundred thousand dollars ($100,000.00).
For punitive damages in the sum of ten million dollars ($10,000,000.00).
For costs of suit.
For such other relief as the court deems just.

On the fifth cause of action:
For Judgment in the sum of one hundred thousand dollars ($100,000.00).
For costs of suit.
For punitive damages in the sum of ten million dollars ($10,000,000.00).
For such other relief as the court deems just.

On the sixth cause of action:
For Judgment in the sum of one hundred thousand dollars ($100,000.00).
For costs of suit.
For punitive damages in the sum of ten million dollars ($10,000,000.00).
For such other relief as the court deems just.

I, Jonas Sosa Sr., the Plaintiff in the above action, assert the facts stated in therein are within my knowledge and are true and correct, except for those matters stated on information and belief, and to those, I believe them to be true and correct. I declare under penalty of perjury under the laws of this Commonwealth of Kentucky that the foregoing is true and correct.

Executed this 15th day of June, 2005 at Louisville, Kentucky.

Respectfully submitted, *Jonas Sosa Sr.*